**Delbert DAWSON, Jr., Appellant,**

v.

**Virginia Dawson WOODLEY et vir,**
**Appellees.**

**No. 15955.**

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 28, 1958.

Rehearing Denied Jan. 16, 1959.

Lyne, Blanchette & Smith, and W. S. Barron, Jr., Dallas, for appellant.

Earl R. Parker, Dallas, for appellees.

BOYD, Justice.

On May 17, 1957, Delbert Dawson, Jr., secured a divorce from Virginia C. Dawson in the District Court of Brazos County, and custody of their three year old daughter was awarded to the father for six months of each year, to begin on September 1, 1957, and to the mother for six months of each year, beginning March 1, 1958.

The mother took the child to Canada about two weeks before the divorce was granted. On July 1, 1957, at Mrs. Dawson's request, Delbert met her in Montana, where she delivered the child to him, and he brought her to Dallas, Texas, where the child has since stayed with Delbert's mother and sister while Delbert attended Texas Agricultural & Mechanical College at College Station.

Delbert filed this suit in the Juvenile Court of Dallas County, on January 28, 1958, against Virginia C. Dawson, alleging that she resided at 3210 Washington Street,

Seattle, King County, Washington. He prayed that "Defendant be cited in terms of law to appear and answer herein and that upon final hearing hereof" the former decree in so far as it adjudicated custody of the child be set aside and that full custody be given to him. There were allegations that conditions had so changed since the date of the original decree that the best interests of the child would be served by granting him full custody. No citation was served on Virginia, but she was informed that the Sheriff had some papers for service on her in Seattle.

About the last of January, 1958, Virginia left Seattle and went to Ackley, Iowa, where she was married to Donald Woodley on February 14.

Appellant filed an amended petition on March 4, alleging that Virginia had married Donald Woodley and that they resided on Rural Route 2, Ackley, Hardin County, Iowa, and prayed that both be cited and for final judgment awarding Delbert full custody of the child.

About March 1, Virginia called at the home of Delbert's mother and asked to see the little girl. This request was refused. On March 3, Virginia, joined pro forma by her husband, filed in this suit an answer and cross-action, praying that Delbert take nothing by his cause of action and that the original order as to custody be modified so as to give Virginia full custody, with a right of reasonable visitation in Delbert.

We quote from appellees' answer and cross-action:

"Your Defendant shows the Court that she is entitled to the possession, under the original divorce decree, of the minor child instanter; that under the terms of said order, she was entitled to the possession of the child on March 1, 1958, and that the Plaintiff, herein acting by and through his agents and members of his family, to-wit; his mother Mozelle Dawson has refused to turn said child over to Defendant herein, and is unlawfully withholding said child from your Defendant; that a notice should be issued to said Plaintiff to produce the minor child at a time and date set by this Court, before this Court, and the immediate possession of said child be delivered to your Defendant, its natural mother.

"Wherefore, Premises Considered, your Defendant prays the Court that Plaintiff take nothing by his cause of action and that the original order in said decree of divorce be modified and your Defendant awarded the full-time custody of said child with the right of reasonable visitation to said child by its natural father, Plaintiff herein; and that a notice should be issued, commanding Plaintiff herein to produce said infant child instanter; that she may be delivered to the care, custody and control of your Defendant, pursuant to the orders of the Court now existing, * * *."

On March 3 a notice was issued to Delbert Dawson, Jr., to appear before the Judge of the Juvenile Court of Dallas County at 9:00 o'clock A. M. on March 6 "Then And There To Show Cause, if any, Why the minor child, Sharon Lee Dawson, should not be immediately delivered to its natural mother; and Further, you are ordered to produce said minor child before the Judge of the Juvenile Court of Dallas County, Texas, at the Courthouse in Dallas, Texas, on March 6, 1958, at 9:00 o'clock A. M." This notice was not served on Delbert, but was served on his attorney at 10:07 A. M. on March 4, after the amended petition had been filed.

Delbert and his attorney appeared at 9:00 o'clock A. M. on March 6, and filed a pleading styled "Plaintiff's Reply to Defendant's Motion to Compel Delivery of Child," which said: "Now Comes Delbert Dawson, Jr., Plaintiff herein, and files this reply in response to that part, and that part only,

of 'Defendants' Answer and Cross-Action' previously filed herein, whereby said Defendants move this Honorable Court to require Plaintiff to show cause why he should not deliver the minor child, Sharon Lee Dawson, to the Defendant, Virginia Dawson Woodley." After alleging reasons why the child should not be delivered to her mother, the reply concluded: "Wherefore, Premises Considered, Plaintiff prays that Defendant's request that the child be delivered to her at this hearing be overruled and that all relief prayed for by Defendant at this 'show cause' hearing be in all things denied; * * *."

At the time set for the hearing, a trial was had on the issue of permanent custody, over the following objection: "Mr. Barron: As attorney for the Plaintiff, we have not been served with any citation of any cross-action, and were served with a notice about two days ago to produce a child in Court for a show cause hearing only; no citation, no other setting on the merits of anything, and that we are excepting to any hearing on the merits of application to custody. The Court: Your exception is overruled."

Permanent custody of Sharon Lee was awarded to her mother, with the right of reasonable visitation given the father; the father was ordered to pay into the registry of the court, at the office of the Child Support Division, at the Courthouse in Dallas, the sum of $10 per week as child support. Dawson has appealed.

Appellant's points are that it was error to force him to trial on the merits of the custody suit; and that it was error to require him to make periodic support payments because such relief was not requested by appellees, and because the court, being one other than that which granted the divorce, was without jurisdiction to determine or award child support payments.

We think the first point must be sustained. Appellant has not had his day in court on the issue of permanent custody. Appellees argue in support of the judgment that "Pleadings and technical rules of practice are of very little importance in child custody matters. The court exercises a broad discretion in these matters and, unless he abuses that discretion, the matters are not subject to review." There is authority for appellees' broad statement. But, as was said in Goodman v. Goodman, Tex. Civ.App., 236 S.W.2d 641, 645, "* * * we do not understand that any of these authorities hold that the due process clauses of the State of Texas and the United States are mere 'technicalities' which are to be respected when property is at issue, but suspended when a child is the subject of controversy." All the contentions of appellees here were presented and rejected in the cited case; and we think the reasoning of Justice Pope is so applicable and conclusive that further discussion of the point should be pretermitted.

In the original divorce and custody judgment there is the following provision:

"It further appearing to the court that the plaintiff, who is a student at A & M College at the present time, is unable to contribute to the support of the minor child but after his graduation in 1958, and when employment is secured, it is ordered, adjudged and decreed that child support payments shall be set at $35.00 per month to be paid by the plaintiff for the support of said minor child."

■ The rule seems to be that where the court in a divorce suit awards custody of a child and orders child support payments, that court has continuing exclusive jurisdiction to modify such support order. Ex parte Webb, 153 Tex. 234, 235, 266 S.W.2d 855; Ex parte Goldsmith, 155 Tex. 605, 290 S.W.2d 502.

■ Even if the court had juirsdiction, we think the support order would be erroneous for another reason. There was no request for a modification of the support order, and this was a hearing on an order to show cause why the child should

not be immediately delivered to her mother, "pursuant to the orders of the Court now existing," according to the petition for the order. Article 4639a, Vernon's Ann. Civ.St., provides for ten days' notice before a hearing on an application to modify a support order.

For the errors discussed, the judgment is reversed and the cause remanded.