C. E. CHRISTY et al., Appellants,

v.

Cleve HAMILTON et al., Appellees.

No. 7413.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 30, 1964.

Guy Hardin, Shamrock, for appellants.

No attorney for appellees.

DENTON, Chief Justice.

This suit was brought by Cleve Hamilton, Etta Hamilton, and Pierce Hamilton against C. E. Christy and Mills Oil Company for alleged damages to appellees' land and cattle arising from oil drilling operations on said property. Appellees were the owners of the surface, and appellants were lessees under an oil and gas lease of said premises. A jury verdict resulted in a judgment for appellees in the amount of $1,185.00. Appellants have perfected this appeal. Appellees represented themselves in the trial court and have not filed a brief in this Court.

Three special issues were submitted to the jury. The jury found the defendants "action—in the operation of the lease on the land in question, caused—damage to the grass lands of the plaintiff"; that such damages amounted to $1,185.00; but failed to answer the issue inquiring if defendants' lease contract expressly excluded damages to the real estate. The trial court sustained appellants' exception and motion as to the damages sought for the death of appellees' cattle, and that portion of the case is not before us on appeal. Material allegations in appellees' petition pertaining to the other segment of their cause of action read as follows:

"That the defendants have heretofore during the last year, drilled several oil and gas [wells] upon the above tracts of land, the surface of which belongs to these plaintiffs; and that during the process of drilling, operating and connecting the same to pipeline which croses plaintiffs_ said land, the defendants, their agents, servants or employees have conducted such operations, drilling and connecting with the said pipeline across plaintiffs_ said property that they have damaged these plaintiffs in the following manner;"

"That the damages to these plaintiffs— grassland over which defendants laid connecting lines from the pipeline to the wells, as well as the driving of the heavy machinery, trucks and numerous vehicles on and across said grassland to the reasonable damage of $50.00 per well of $200.00, plus the damage of $1.00 per rod for the damages due to the laying of 320 rods of pipeline across this land; That the oil and debris were allowed to polute the plaintiffs— fish pond on this property in the sum of $200.00."

Appellants timely filed special exceptions to these allegations to the effect the petition failed to state a cause of action in that it did not allege any acts of negligence on the part of appellants, and that such allegations were vague, general, and not specific enough to apprise appellants of what appellees intended to prove. The trial court erred in overruling appellants' special exceptions. It is elementary that a plaintiff's petition shall contain a statement in plain and concise language of the plaintiff's cause of action and shall give fair notice of the claim involved. Rule 47, Texas Rules of Civil Procedure. It must also appear from the face of a petition that a primary legal right rests in the plaintiff, that there is a primary legal duty connected with this right resting on the defendant, and that there has been a breach of this duty by the defendant. West v. Citizens State Bank (Tex.Civ.App.), 140 S.W.2d 868 (Dismissed, Judgment Correct); See 45 Tex.Jur.2d, Pleadings, Sections 34, 36, and 37. Appellees' petition falls far short of the basic requirements for stating a cause of action. No facts are alleged which show a legal duty resting on appellants; no breach of that duty; and no acts of negligence are alleged. The petition is totally defective and will not sustain a judgment for plaintiffs below. The trial court's failure to sustain appellants' special exceptions constitutes reversible error.

In view of our disposition of appellants' first two points of error, a determination of the other points is unnecessary. However, it is to be noted the verdict and judgment were in excess of the amount asked for by the plaintiffs after the alleged damages resulting from the death of appellees' cattle was removed from the case. This is a matter that could be corrected by remittitur, but as the case must be remanded this becomes unnecessary on this appeal. The last point complains of jury misconduct. Under this record this question is a close one, but it is not expected that the method used by the jury will be repeated in another trial of the case.

The judgment of the trial court is reversed and the cause is remanded for another trial.

CHAPMAN, J., not sitting.