Mary R. CARREON, Appellant,

v.

**TEXAS STATE DEPARTMENT OF PUBLIC WELFARE, Appellee.**

No. 15490.

Court of Civil Appeals of Texas, San Antonio.

May 19, 1976.

Brendan E. Gill, San Antonio, for appellant.

John L. Hill, Atty. Gen., David M. Kendall, Frank Cooksey, Asst. Attys. Gen., Austin, for appellee.

KLINGEMAN, Justice.

This is an appeal from a judgment rendered against appellant, Mary R. Carreon, ordering her to pay child support payments to herself, and also from a portion of the same judgment ordering that all child support payments made by appellant's husband be made to the appellee, the Texas State Department of Public Welfare. Such judgment also ordered appellant's husband, Robert M. Carreon, to pay child support in the amount of $10 per child per week or a total of $20 per week for the support of the two minor children of the marriage of Robert M. Carreon and Mary R. Carreon. Robert M. Carreon has not appealed from this order.

Appellant and her husband, Robert M. Carreon, are separated. There are two children of such marriage, Leticia, born July 4, 1972, and Alex, born August 20, 1973, who live with appellant. The Texas State Department of Public Welfare provides a direct cash grant to appellant and her two children of $116.25 per month. This suit was instituted by the Texas State Department of Public Welfare, in which it asserts: (a) for sometime the Carreon's have been separated and respondent, Robert M. Carreon, has failed and refused to provide any support or maintenance for his wife and the minor children; (b) respondent, Robert M. Carreon, is gainfully employed and financially able to contribute support to the minor children; and (c) Mary R. Carreon is unemployed and without sufficient funds to provide reasonable and necessary support. Appellee prayed the court that Robert M. Carreon be ordered to appear and show cause why he should not be ordered to pay reasonable support payments, and that any payments ordered to be made by Robert M. Carreon be paid to the Texas State Department of Public Welfare to the extent that appellee has supplied the needs of the children.

A show cause order was issued to Robert M. Carreon, and another show cause order was issued to Mary R. Carreon commanding her to appear in court to show cause why all support payments received under the order should not be paid to the Texas State Department of Public Welfare as alleged in the Department's petition.

The court's judgment here under attack finds that Robert M. Carreon has sufficient means to contribute to the support and maintenance of the minor children, and that it would be to the best interests of the children that Mary R. Carreon contribute towards the support of such minor children to make up any deficiencies in child support. Robert M. Carreon is ordered to pay support in the amount of $10 per week per child or a total of $20 per week, which payments are to be made to the Texas State Department of Public Welfare. Mary R. Carreon is ordered to pay support in the amount of $5 per week per child or a total of $10 per week to be paid to herself to make up any deficiencies in child support.[1]

By two points of error appellant complains that the trial court erred (a) in granting a judgment providing for relief that was never sought by the petitioner; (b) in granting a judgment which ordered appellant to pay child support to herself because the court had no jurisdiction over appellant to order any such order.

---

1. Pertinent findings of fact are summarized as follows: (a) Robert M. Carreon and Mary R. Carreon are lawfully married but currently separated; (b) the two children of subject marriage, Leticia and Alex, are living with and in the custody of Mary R. Carreon; (c) since the separation Robert M. Carreon has failed and refused to pay any support or maintenance for Mary R. Carreon and the children; (d) Robert M. Carreon is gainfully employed; (e) Mary R. Carreon has been gainfully employed in the past; (f) under the program known as Aid to Families with Dependent Children, the Texas State Department of Public Welfare contributes an amount of $162.80 per month towards the support of Leticia and Alex Carreon, and of that sum AFDC provides a cash grant of $116.25 per month to Mary, Leticia and Alex Carreon; (g) the sum of $116.25 represents the amount necessary to supply 75% of the recognized needs which are compatible with health and decency by a family of three.

It is undisputed that there is nothing in the pleadings asking that appellant be ordered to make any child support payments. The only relief sought by appellee is (a) that the father, Robert M. Carreon, be ordered to make child support payments for the two minor children; (b) that all payments ordered to be paid by the father be paid to the Texas State Department of Public Welfare to the extent that the Department has supplied the needs of the children and for so long as the Department continues to provide support for them.

The show cause order issued to appellant does not summon her to show cause why she should not be ordered to pay child support payments, but only to show cause why the child support payments ordered to be paid by Robert M. Carreon should not be paid to appellee.

Appellant contends that: (a) appellee's pleadings are not sufficient to support a judgment ordering her to pay child support; (b) such judgment violates due process, as neither the pleadings nor the show cause order issued to her gave her any notice whatsoever regarding child support payments to be made by her; (c) the court's jurisdiction to order appellant to pay child support payments was never invoked.

We have concluded that any of the above grounds are sufficient to support a reversal of the trial court's order insofar as it pertains to child support payments to be made by Mary R. Carreon.

■ Clearly there was absence of due process. A fundamental element of due process is adequate and reasonable notice appropriate for the nature of the hearing. *Lowe v. City of Arlington,* 453 S.W.2d 379 (Tex.Civ.App.—Ft. Worth 1970, writ ref'd n. r. e.); *Goodman v. Goodman,* 236 S.W.2d 641 (Tex.Civ.App.—San Antonio 1951, no writ). In *Goodman v. Goodman,* supra, it was urged in a child custody case that the court was not bound by the usual "technical" rules of practice and procedure where the best interests of a child are concerned. Judge Pope, then on this court, said:

We recognize that respectable authority has made broad utterances that a deter-

mination of the future welfare of a child should be unhampered by narrow technical rules. (Citations omitted.) While we are in accord with the liberal interpretation of rules relating to children, we do not understand that any of these authorities hold that the due process clauses of the State of Texas and the United States are mere 'technicalities' which are to be respected when property is at issue, but suspended when a child is the subject of controversy.

■ Moreover, we do not think the pleadings are sufficient to support the judgment ordering appellant to make child support payments. Appellee does not seek such relief in its petition, and there is nothing in appellee's petition or the show cause order served on appellant that even pertains to child support payments to be made by appellant. The office of a pleading is to define the issues to be tried, and the purpose of the pleadings is to advise the court and the adverse parties what contentions of the pleader will be heard on the trial of the case. A pleading must—give fair and adequate notice of facts which the pleader relies upon in order that any adverse party may properly prepare his defense thereto. Generally, a trial court cannot grant relief that is without pleadings to support it, and a judgment which is not supported by the pleadings is not warranted. *Oil Field Haulers Ass'n v. Railroad Commission,* 381 S.W.2d 183 (Tex.1964); *City of Ft. Worth v. Gause,* 129 Tex. 25, 101 S.W.2d 221 (1937); *Edwards Feed Mill v. Johnson,* 302 S.W.2d 151 (Tex.Civ.App.—San Antonio 1957), *rev'd on other grounds,* 158 Tex. 313, 311 S.W.2d 232 (1958); *Jones v. Jones,* 301 S.W.2d 310 (Tex.Civ.App.—Texarkana 1957, writ ref'd n. r. e.); *Forman v. Barron,* 120 S.W.2d 827 (Tex.Civ.App.—El Paso 1938, writ ref'd).

We recognize that courts have broad authority in matters involving child custody or child support, but a question here involved is whether appellee invoked the jurisdiction of the court to order appellant to make child support payments by pleadings in which the only relief sought is that the

father be ordered to make child support payments, and that such payments be paid directly to the Texas State Department of Public Welfare, appellee herein. Appellant filed no pleadings whatsoever.

Under the record before us we do not believe the jurisdiction of the court was invoked to order appellee to make child support payments when neither appellee nor appellant sought any such determination. See *Rodriguez v. Vela,* 488 S.W.2d 872 (Tex.Civ.App.—San Antonio 1972, no writ); *Goodman v. Goodman,* supra; *Dawson v. Woodley,* 319 S.W.2d 394 (Tex.Civ. App.—Ft. Worth 1958, writ ref'd n. r. e.).

Appellant's first two points of error are sustained.

■ We next consider appellant's point of error that the trial court erred in ordering that the child support payments, which are to be paid by appellant's husband, are to be paid to the Texas State Department of Public Welfare. As hereinbefore noted, it is apparent from appellant's brief that her real contention in this regard is that the trial court erred in failing to designate what portion of the child support payment collected by the Texas State Department of Public Welfare should be turned over to her, and in failing to provide that no reduction should be made in the family assistance.

Such point of error is primarily based on a portion of Article 695c, Sec. 18–B(2), Tex. Rev.Civ.Stat.Ann., which provided:

> The State Department may not withhold an assistance payment on behalf of a dependent child because of a court order for support of such child unless the amount available to said child under such court order is sufficient to supply the needs of the child in accordance with standards and rules and regulations promulgated by the State Department.[2]

It appears from the record that the Texas State Department of Public Welfare contributes the amount of $162.80 per month toward the support of the family under the program known as Aid to Families with Dependent Children, of which amount $116.25 represents the amount necessary to supply 75 per cent of the recognized needs of a family of three, which are compatible with health and decency. The record also contains exhibits introduced into evidence, consisting of authorizations signed by appellant, in which she states that she is presently receiving assistance in Aid to Families with Dependent Children from the Texas State Department of Public Welfare, and authorizes and agrees that any and all child support payments made by Robert M. Carreon are to be sent or delivered to the Texas State Department of Public Welfare.

Appellant contends that the State legislature, by the passage of the hereinbefore quoted provisions of subsection (2) of section 18–B clearly indicated that there is to be no reduction in the amount of the AFDC grant until the needs of the children are met, which she refers to as "budgetary needs."

The Texas system, which provides 25 per cent reduction in a standard of need in the AFDC program, was upheld in *Jefferson v. Hackney,* 406 U.S. 535, 92 S.Ct. 1724, 32 L.Ed.2d 285 (1972). Appellant, recipient of Aid to Families with Dependent Children, challenged the system whereby Texas, in order to allocate its fixed pool of welfare money among persons with acknowledged need, applied a percentage reduction factor to arrive at a reduced standard of need; the factor being lower for AFDC than for other assistance programs. The Supreme Court said:

> Applying the traditional standard of review under that [14th] amendment, we cannot say that Texas' decision to provide somewhat lower welfare benefits for AFDC recipients is invidious or irrational. Since budgetary constraints do not allow the payment of the full standard of need for all welfare recipients, the State may have concluded that the aged and infirm

2. Article 695c, Sec. 18–B, was amended in 1975 with the effective date being June 19, 1975. The hereinabove quoted provision relied upon by appellant is not contained in Sec. 18–B, as amended.

are the least able of the categorical grant recipients to bear the hardships of an inadequate standard of living. While different policy judgments are of course possible, it is not irrational for the State to believe that the young are more adaptable than the sick and elderly, especially because the latter have less hope of improving their situation in the years remaining to them. Whether or not one agrees with this state determination, there is nothing in the Constitution that forbids it.

The Supreme Court, in *King v. Smith,* 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968), said:

There is no question that States have considerable latitude in allocating their AFDC resources, since each State is free to set its own standard of need and to determine the level of benefits by the amount of funds it devotes to the program.

The trial court had before it an authorization signed by Mary R. Carreon in which she agreed that any and all support payments made by Robert M. Carreon were to be sent or delivered to the Texas State Department of Public Welfare. This type of procedure is approved or authorized under both State and Federal statutes. A portion of Section 18–B of Article 695c, Tex.Rev.Civ.Stat.Ann., the statute on which appellant relies in support of her point of error, also provides that if assistance payments are made by the Texas State Department of Public Welfare, the Department is authorized to file notice with the court ordering the support payments, and that upon receipt of such notice the court shall order that the payments be made to the Texas State Department of Public Welfare to the extent that the Department has supplied the needs of such dependent child. Article 695c, Sec. 18–B, was amended, effective as of June 19, 1975, and such 1975 amendment provides that an applicant for or recipient of financial assistance shall be required to assign to the Texas State Department of

Public Welfare any rights to support from any other person, which the applicant or recipient may have in his own behalf or for a child for whom the applicant or recipient is claiming assistance, including the right to an amount accrued at the time the assignment is executed.

The Social Services Amendment of 1974, on which appellant relies in connection with her fourth point of error, has a provision that a state agency may provide, as a condition of eligibility for aid, that each applicant or recipient will be required to assign to the state any right to support from any other person that the applicant may have in his own behalf or for any other family member for whom the applicant is applying for or receiving aid.[3]

Appellant asserts that in determining need such a determination should be based on "budgetary need" rather than "recognized need." Appellant and appellee are in disagreement as to exactly what "budgetary need" and "recognized need" mean. It appears from the record that the amount ordered to be paid by appellant's husband is $80.00 a month, which is below both "budgetary needs" and "recognized needs," and that the amount being paid by the Texas State Department of Public Welfare is in excess of the amount to be paid by the husband.

We have concluded that under the record appellant's point of error number three is without merit and should be overruled.

■ Appellant's last point of error is that the trial court erred in entering an order that was in conflict with applicable provisions of federal law. Such point of error is based on a provision of the Social Services Amendment of 1974, Public Law 93–647. The portion relied on by appellant reads as follows:

Sec. 457. (a) The amounts collected as child support by a State pursuant to a plan approved under this part during the 15 months beginning July 1, 1975, shall be distributed as follows: (1) 40 per centum

---

**3.** This amendment, known as the Social Services Amendment of 1974, was passed in January 1975, but did not become effective until July 1, 1975.

of the first $50 of such amounts as are collected periodically which represent monthly support payments shall be paid to the family without any decrease in the amount paid as assistance to such family during such month;

Appellant asserts that under the provisions of the Social Services Act above set forth that the court should frame its order so that during the 15 months beginning July 1, 1975, 40 per cent of the first $50.00 of the monthly child support payment shall be paid to the family without any decrease in the amount paid as assistance to such family during the month.

Appellee's reply to appellant's contentions in this regard is simply that the statute relied on by appellant was not in force and effect at the time of the entry of the judgment herein.

It is to be remembered that the judgment here under attack was signed and rendered on the 21st day of May, 1975.

It is clear from a reading of Section 457 that it is limited to the amounts collected as child support by a state pursuant to a plan approved under this part during the 15 months beginning July 1, 1975. Moreover, the amendment itself provides that such amendment shall become effective on July 1, 1975. Appellant concedes that such amendment has such an effective date, but states that the Act was passed on January 4, 1975, and argues that the amendment clearly evidences a legislative intent that 40 per cent of the first $50.00 of monthly child support payments made for the 15 month period beginning July 1, 1975, should be paid to the family without decrease in the amount paid as assistance to such family during the month, and that the amendment should be effective from the date of passage of the Act. We disagree. We cannot conceive of a clearer mandate of legislative intent than an express provision that such amendment shall become effective on July 1, 1975.

Appellant's fourth point of error is overruled.

The judgment of the trial court is reformed so as to delete therefrom that portion of such judgment which orders appellant to pay support to herself in the amount of $5.00 per child per week. As so reformed, the judgment is affirmed.