Walter D. VINES, Appellant,

v.

Marguerite A. VINES, Appellee.

No. 04–83–00330–CV.

Court of Appeals of Texas, San Antonio.

Dec. 19, 1984.

Mark S. Levin, San Antonio, for appellant.

Marguerite A. Vines, pro se.

Before CANTU, REEVES and TIJERINA, JJ.

## OPINION

REEVES, Justice.

This appeal is concerned with the division of the military retirement benefits between the spouses in a divorce suit.

Appellant, Walter D. Vines, entered the United States Military Service via the Air Force in 1950 and continued in the service until 1970, at which time he retired. The parties married in 1952 and continued in that relationship until their divorce, April 25, 1983. The trial court awarded thirty percent (30%) of appellant's military retirement to appellee.

 It is appellant's contention that, since his pension vested at the time of his retirement in 1970, the military retirement benefits have been held to be separate property. *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). Therefore, he argues the benefits are not subject to division by the trial court. The United States Congress enacted the Uniformed Services Former Spouses Protection Act (USFSPA), codified in 10 U.S.C.A. § 1408, which was signed into law by the president to become effective February 1, 1983. Section (c)(1) provides:

> Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

It is quite apparent that the author and bestower of the pension, the United States Government, intended to leave to the state courts the option to divide the pension and award a portion to the non-service spouse regardless of its denomination as separate or community property.

As the Texas Supreme Court noted in *Cameron v. Cameron*, 641 S.W.2d 210, 212 (Tex.1982), "the purpose of the act was to reverse the effect of the *McCarty* decision." This purpose is achieved only if section (c)(1) of USFSPA is interpreted as being permissive so as to allow courts to fully apply the law of the jurisdiction without regard to *McCarty*.

 Disposable retired pay is not static but dynamic and subject to change. Congress can alter the general scheme (i.e., increase taxes, section (a)(4)(C) of USFSPA) or actions of the member may change the amount of disposable retired pay (i.e., waiver of retirement benefits to receive V.A. disability benefits, section (a)(4)(B)).

The judgment of the trial court is affirmed.