Mariann Bateman RANKIN, Appellant,

v.

Jack Norman BATEMAN, Appellee.

No. 04–82–00504–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 20, 1985.

Rehearing Denied March 14, 1985.

Sam Bashara, San Antonio, for appellee.

S. Olsson Kahn, Adams & Hunter, San Antonio, for appellant.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

CADENA, Chief Justice.

Appellant, Mariann Bateman Rankin, appeals from an order interpreting that portion of a divorce decree which awarded her an interest in the military retirement benefits received by her former husband, Jack Norman Bateman.

We affirm the judgment below.

The proceedings which culminated in the challenged order were initiated when appellant filed a motion seeking to have appellee held in contempt because of his failure to make the payments which she claimed he was required to make under the decree. Her motion did not allege the amount of each monthly payment which she claimed to be due, nor did she allege the amount of the claimed arrearage. She did allege that under the property settlement which was incorporated in the divorce decree the appellee was ordered to pay her "a pro rata share of the retirement benefits with 6.5 as the numerator of a fraction and with the denominator of said fraction being the number of years spent by [appellee] in the U.S. Army."

On the day that the motion for contempt was set for hearing, the parties appeared before the court and announced that an agreement had been reached under which appellee was to pay appellant $6,500.00 and that such payment would absolve appellant of "all arrearages in the payment owed for military benefits accrued up to" the date of the hearing. Counsel for appellant then announced that the parties had been unable to agree concerning "the percentage of the retirement benefits [appellee] is to pay hereafter, and as to what dollar amount the percentage is to be applied to." He added:

So, we are here submitting to the court for interpretation the divorce decree and with the evidence we have as to what the monies are and so forth as to how much percentage and of what base he should pay future military benefits. And with the court making that determination, we have agreed that as part of the order to be entered herein, that he will be ordered that the payments be made as interpreted by the court and further that he do all things to institute an allotment so that she would receive that money directly from the Army Finance Center each month.

Counsel for the parties then agreed that appellee would make all efforts to cause an allotment to be made, but that if his efforts proved unsuccessful he would be under

order of the court to make the payments to appellant. Counsel for appellee, after it had been made clear to appellee that he would be bound to make the payments "whether the allotment occurs or not," then said:

And, Judge, so the court understands what the real dispute is before the Court, let me just make this by way of predicate argument. We take the position that he was a Major at the time of the divorce. And we take the position that the decree and the intention of the parties was that the retirement benefits were to be based upon his rank; not the years of service. Because that was negotiated. That's 6.50 over the years of service. But on his rank at the time of divorce.

They take the position that they are entitled to the entire amount that he receives now at the upgraded rank that he obtained after marriage. And that's what the issue before the Court is, as I understand it.

Counsel then stated the issue before the court in terms of whether appellant was entitled to receive the stipulated percentage of the retirement pay based on the amount received by a lieutenant colonel on retirement after 30 years' service or whether the payment due appellant was to be calculated on the basis of the percentage appellee would have received if he had retired as a major. Appellant's attorney said: "He said that very well. I think that capsulized the dispute, crystallizes the dispute."

The court then announced that he would order that the amount to be paid by appellee would be based on the retirement benefits received by a Major. Counsel for appellee inquired whether the court's order that the money to be received by appellant would be "based upon as if he retired as a Major and not as a Lieutenant Colonel,

which he actually retired?" The court answered, "That's correct."

■ There can be no doubt that Rule 67, TEX.R.CIV.P., is applicable.[1] Both parties made it clear to the court that they wanted the question decided and both presented arguments to persuade the court that their interpretation of the divorce decree was correct. Both expressly agreed on the nature of the question they wanted decided. A reading of the record compels the conclusion that both parties understood that the question was before the court, and neither party pointed out the defects in pleading to the court. *See* 2 R. McDONALD, TEXAS CIVIL PRACTICE § 5.18, p. 47 (rev. 1982).[2]

The cases relied on by Justice Tijerina in his dissent are not relevant. In *Cunningham v. Parkdale Bank*, 660 S.W.2d 810 (Tex.1983), there is no mention of Rule 67 nor any discussion of trial by express or implied consent. A reading of the opinion reveals that the question of trial of unpleaded issues by consent could not be in the case, since the order complained of in that case was entered without a hearing and the complaining part on appeal did not appear in court. It is impossible to speak of consent by a party who was not present in court and, therefore, could have no inkling concerning the issues the trial court believed were presented. In fact, a reading of the opinion makes it clear that no one appeared in court. It takes great imagination and even more determination to interpret *Cunningham* as a case limiting the effect of Rule 67 insofar as trial by consent is concerned. Since that issue was not and, indeed, could not be before the Supreme Court in that case, the complete failure of the opinion to address the question is understandable.

---

1. Rule 67 reads in pertinent part as follows: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings...."

2. Appellant did not raise the question of the sufficiency of the pleadings to support the judgment either in the court below or in this court. Although the question probably is not before us, the dissenting opinion's *sua sponte* consideration of the question required a discussion of the correct application of Rule 67.

In *Foxworth-Galbraith Lumber Company v. Southwestern Contracting Corp.*, 165 S.W.2d 221, 224 (Tex.Civ.App.—Fort Worth 1942, writ ref'd n.r.e.), which was decided about 13 months after Rule 67 became effective, the court did say that Rule 67 was not intended to establish "a general rule of practice" and that it was to be applied only "to the exceptional case where it clearly appears from the record as a whole that the parties tried out an unpleaded issue, perhaps having overlooked the omission in the pleadings, or else having failed to plead carefully or clearly the issues upon which the case was tried." This language in no way supports the position taken by the dissenter, since in the case before us "it clearly appears from the record as a whole that the parties tried out an unpleaded issue...." The actual holding in that case was the affirmance of a judgment which allowed recovery on an unpleaded cause of action.

*Jay Fikes and Associates v. Walton*, 578 S.W.2d 885 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.), does not support the dissenter's position. Insofar as Rule 67 is concerned, the court merely held that the record furnished no basis for concluding that the issue of recovery of attorney's fees, which was not mentioned in the pleadings, had been tried by consent. The same is true of *Realtex Corp. v. Tyler*, 627 S.W.2d 441, 444 (Tex.App.Houston [1st Dist.] 1981, no writ), where the court pointed out that the record did not establish that the parties understood that the question of recovery of a trustee's fee was before the trial court.

■ The trial court ruled that the retirement benefits to be paid to Mrs. Rankin under the decree of divorce should be based on the rank of Major, the rank held by the husband at the time of the divorce, and not the rank of Lieutenant Colonel, the rank held by him at the time of his retirement after the divorce.

The conclusion that the pro-rata share to be paid to Mrs. Rankin under the divorce decree must be based on the husband's rank at the time of the divorce, rather than on the rank subsequently attained by him, is correct.

In *Berry v. Berry*, 647 S.W.2d 945, 947 (Tex.1983), the Supreme Court held that a divorce court, in dividing military retirements benefits, must base the division on the rank held by the prospective retiree at the time of the divorce, rather than upon the rank attained subsequent to the divorce. As applied to this case, an order awarding Mrs. Rankin a pro-rata share of a Lieutenant Colonel's retirement, rather than a pro-rata share of a Major's retirement, would invade the separate property of Mr. Bateman.

The judgment of the trial court is affirmed.

TIJERINA, Justice, dissenting.

I respectfully dissent.

This action originated by way of a motion for contempt to enforce payment of the unpaid portion of military retirement benefits. The trial court, without jury, rendered judgment providing for the payment of military retirement benefits to appellant based on appellee's rank of major at the time of the entry of the divorce decree and not that of a Lieutenant Colonel, the rank held on the date of retirement.

The parties were divorced in 1971 and at issue, as a community property asset, was thirteen (13) years of military service during the marital status. Appellee had the rank of major with twenty-one (21) years of military service on the date of the divorce. He retired eight-and-a-half (8½) years later with the rank of Lieutenant Colonel having completed approximately thirty (30) years of military service. The property settlement agreement, approved by the court and incorporated by reference in the divorce decree, provided that appellant was to receive as her sole and separate property one-half (½) of the accumulated benefits to appellee's military retirement in accordance with the following formula:

... the parties do hereby agree that at the time of Husband's retirement, that the amount of the retirement should be

prorated between the parties in accordance with the formula described in this paragraph. It is agreed that Wife shall receive 6.5 as a numerator of a fraction and with the denominator of said fraction being the actual number of years that husband spent in the United States Army at the time of retirement, ...

The parties, at the contempt hearing, announced to the court that they had reached an agreement to settle the claim for the unpaid portion of appellant's pro rata share of military retirement benefits for the sum of six thousand five hundred dollars ($6,500.00). Upon the payment of said amount, appellee was to be released and absolved of liability for all such payments in arrears. Subsequently, upon the request, agreement and stipulation of the parties, the court proceeded to determine the remaining controversy concerning the value of military retirement benefits due appellant under the property settlement agreement, incorporated by reference into the 1971 divorce decree. It was further stipulated that the computation of appellant's interest in the military retirement benefits was to be based on the formula of 6.5 as a numerator of a fraction over the denominator of 30, being the actual number of years that appellee spent in the military service at the time of retirement.

Recently, the Supreme Court in *Berry v. Berry*, 647 S.W.2d 945 (Tex.1983), held that post-divorce increases in retirement benefits cannot be awarded to a divorced spouse, for to do so would invade the other spouse's separate property and that the value of retirement benefits are to be apportioned to the spouses upon the value of the community's interest at the time of the divorce. In *Berry v. Berry, supra,* the decree of divorce was silent as to the distribution of retirement benefits; consequently, the *Berry* ruling is not applicable to the instant case, where the retirement benefits were clearly distributed and disposed of by the property settlement agreement.

If the settlement agreement is set forth in the decree or is incorporated by reference and approved by the trial court, it is accorded the same degree of finality and binding force as a final judgment, and binds the parties. *McCray v. McCray*, 584 S.W.2d 279, 281 (Tex.1979) (per curiam); McKnight, *Family Law: Husband and Wife*, 37 S.W.L.J. 65, 90–1 (1979). It is well established that a court is without authority to modify a trial court's judgment relating to property adjudication, except as provided by law. *McGehee v. Epley*, 655 S.W.2d 305, 308 (Tex.App.—San Antonio), *rev'd in part on other grounds*, 661 S.W.2d 924 (Tex.1983); TEX.R.CIV.P. 329b.

The trial court was without authority to rule or render relief on this issue. The only matter before the trial court on written pleading was the contempt action. There is no statutory right to appeal from an order holding a party in contempt, *Anderson v. Burleson*, 583 S.W.2d 467 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ), or from an order refusing to hold a party in contempt. *Hamborsky v. Hamborsky*, 497 S.W.2d 405, 406 (Tex.Civ.App. —San Antonio 1973, no writ). The trial court cannot grant relief without pleadings to support it, and a judgment which is not supported by pleadings is void. *See Oil Field Haulers Association v. Railroad Commission*, 381 S.W.2d 183, 191 (Tex. 1964); *Carreon v. Texas State Department of Public Welfare*, 537 S.W.2d 345, 347 (Tex.Civ.App.—San Antonio 1976, no writ). *See also* TEX.R.CIV.P. 301. In the instant case, the parties were before the trial court on a motion for contempt, the issues of which were compromised and settled. At that time there was no further controversy between the parties on which the court could render judgment in conformance with the pleadings. The jurisdiction of the trial court was not invoked to enter an order construing the divorce decree when there were no pleadings to support the order. *See Carreon v. Texas State Department of Public Welfare*, 537 S.W.2d 345, 348 (Tex.Civ.App.—San Antonio 1976, no writ); *Rodriguez v. Vela*, 488 S.W.2d 872, 875 (Tex.Civ.App.—San Antonio 1972, no writ); *Goodman v. Goodman*, 236 S.W.2d 641, 646 (Tex.Civ.App.—San Antonio 1951, no writ). Very recently, the

Supreme Court in *Cunningham v. Parkdale Bank*, 660 S.W.2d 810 (Tex.1983), held that a party may not be granted relief in the absence of pleadings to support that relief. In setting aside the judgment, the Supreme Court held that the jurisdiction of the trial court was not invoked in the absence of pleadings. *Id.* at 811. Therefore, the part of the court's order with reference to the issue of retirement benefits is void.

Appellant argued that the issue on military retirement benefits was tried by express consent under TEX.R.CIV.P. 67. It is correct that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. TEX.R.CIV.P. 67. However, Rule 67 is not intended to establish a general rule of practice. Instead, it is intended to cover the exceptional case where it clearly appears from the record as a whole that the parties tried out an unpleaded issue, perhaps having overlooked the omission in the pleadings, or else having failed to plead carefully or clearly the issues upon which the case was tried. *Foxworth-Galbraith Lumber Co. v. Southwestern Contracting Corp.*, 165 S.W.2d 221, 224 (Tex.Civ.App.—Fort Worth 1942, writ ref'd w.o.m.). *Accord Realtex Corp. v. Tyler*, 627 S.W.2d 441, 443–44 (Tex.App. —Houston [1st Dist.] 1981, no writ); *Jay Fikes & Associates v. Walton*, 578 S.W.2d 885, 889 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). Rule 67 is intended to apply to cases which are tried in accordance with the pleadings, but in which there are issues not supported by the pleadings raised and proven without objection during trial. The rule is not intended to allow a judgment to be rendered in the complete absence of pleadings. Rule 67 covers the gaps in pleadings where the parties have overlooked an omission in the pleadings or have failed to plead carefully or clearly the issues to be tried. Rule 67 does not envision a circumstance where parties can orally request an adjudication on a matter of controversy between them. The allegations contained in the pleadings determine the nature and character of a suit. *Wynn v.*

*State ex rel. Wichita County*, 431 S.W.2d 934, 935 (Tex.Civ.App.—Amarillo 1968, no writ). The petition must contain a statement in clear and concise language of the plaintiff's cause of action and must give fair notice of the claim involved. *Christy v. Hamilton*, 384 S.W.2d 795, 796 (Tex.Civ. App.—Amarillo 1964, no writ); TEX.R. CIV.P. 47. A party must recover in the right in which he sues and upon proof of the facts stated in his pleadings; he cannot recover through a right not asserted. *Jay Fikes & Associates v. Walton, supra* at 889. It is mandatory that a judgment conform to the pleadings. *Cunningham v. Parkdale Bank, supra;* TEX.R.CIV.P. 301. The order on the military retirement benefits should be deleted from the judgment; the only remaining matter would be the order on contempt of which we have no jurisdiction.

Accordingly, I would reverse the judgment and order the cause dismissed.