Edward G. GRIER, Jr., Appellant,

v.

Elsie M.B. GRIER, Appellee.

No. 08–85–00195–CV.

Court of Appeals of Texas, El Paso.

July 2, 1986.

Rehearing Denied Aug. 13, 1986.

John Gates, El Paso, for appellant

Colbert N. Coldwell, Guevara, Rebe, Bauman & Coldwell, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a declaratory judgment awarding the Appellee 37.45 percent of all future retirement benefits which a United States Army officer, grade 0-5 Lieutenant Colonel, is entitled to receive.

The parties were divorced in September, 1975. At the time of divorce, the trial court did not dispose of the Appellant's military retirement benefits. The court order provided that the retirement benefits, if any, were not disposable (divisible) on that date. Both parties subsequently sought to obtain declaratory judgment relief in El Paso County Court at Law No. Two. Appellant argued that the military retirement benefits were awarded to him as his sole and separate property; conversely, the Appellee argued that the benefits are community property not disposed of at divorce and subject to partition. The trial court (County Court at Law No. Two) awarded Appellee 37.45 percent of Appellant's retirement benefits.

In Points of Error Nos. One and Two, the Appellant asserts that the trial court erred in admitting into evidence the testimony of the Appellee's expert witness because such evidence concerned an ultimate legal question, was irrelevant, speculative, and wholly without legal or precedential basis, resulting in no evidence to support Appellee's claim. The trial court has broad discretion in determining whether to allow expert testimony, and the exercise of that discretion will not be overturned absent an abuse. *Stanley v. Southern Pacific Company*, 466 S.W.2d 548 (Tex.1971); *Southwestern Bell Telephone Company v. Sims*, 615 S.W.2d 858 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). The Appellee's expert witness, James Turpin, was shown to have thirteen years' experience valuing retirement plans. He is also certified with the U.S. Department of Treasury under the Employee Retirement Income Security Act. Tex.R.Evid. 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

■ The greater part of the testimony is absolutely immaterial to the issue of the value of this military retirement. However, it was before the court and not a jury, and the court is able to sort out what is or is not material. Although the remarks of the court during the presentation of this evidence indicate confusion, in the end the court apparently based its ruling on other evidence. Reversible error is not presented under the circumstances. Points of Error Nos. One and Two are overruled.

In Point of Error No. Three, the Appellant contends that the trial court erred by improperly determining the value of military retirement benefits. The trial court ordered the Appellant to pay:

[O]ne-half (½) of 74.9 percent, or 37.45 percent of all the future benefits to which a U.S. Army officer grade 0-5, Lt. Colonel's retirement pay that is then currently payable to such grade 0-5 officer

who would have retired with twenty (20) years service in September, 1975.

In *Berry v. Berry,* 647 S.W.2d 945 (Tex. 1983), the Supreme Court made it clear that when the value of retirement benefits is an issue, "the benefits are to be apportioned to the spouses based upon the value of the community's interest at the time of divorce." The Supreme Court also indicated that post-divorce pay increases resulting from additional years of employment, pay raises and contract negotiations cannot be awarded to the non-retiring spouse, for to do so would invade the retiring spouse's separate property. The facts in the present case show that at the time of divorce, the Appellant, had he been eligible, would have retired as a Major (0–4) receiving retirement pay of $788.25 per month. Those facts were stipulated and are therefore not subject to question.

■ At trial, the Appellee contended and the trial court agreed that at the time of divorce the Appellant's rank was Lieutenant Colonel. In its findings of facts and conclusions of law, the trial judge concluded that "as a matter of law that the placement by the 1975 AUS Lieutenant Colonel's Promotion Board on its promotion list was and is tantamount to and the same thing legally as the actual promotion to Lieutenant Colonel and that said promotion would follow as a matter of course...." It is undisputed that the Appellant had been placed on the promotion list; however, it is also undisputed that Appellant was not promoted to Lieutenant Colonel until after the decree of divorce had been entered. The promotion from Major to Lieutenant Colonel occurred on May 2, 1976, some eight months after the decree was entered. The trial court erred in awarding the Appellee 37.45 percent of Appellant's retirement based upon the rank of Lieutenant Colonel. *See: Rankin v. Bateman,* 686 S.W.2d 707 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). We sustain Point of Error No. Three and hold that Appellee is entitled to 37.45 percent of Appellant's retirement pay based upon the rank of Major.

■ In Point of Error No. Four, the Appellant asserts that the trial court erred in awarding Appellant's separate property to Appellee. This issue has been addressed above. The effect of the trial court's order is to deprive Appellant of separate property, i.e., property obtained after the entry of a final order dissolving the marriage. Point of Error No. Four is also sustained.

■ In Point of Error No. Five, it is argued that the trial court erred by failing to base any division of military retirement benefits on "disposable retired pay." This appears to be a first impression question in Texas—whether the federal Uniformed Services Former Spouses' Protection Act, 10 U.S.C.A. § 1408 ("the Act"), authorizes state courts to divide as community property only a spouse's "disposable" military retirement benefits, as defined in the Act. A California court of appeals has decreed that only the disposable benefits are available for state court division or award. *In re Marriage of Harmon,* 171 Cal.App.3d 438, 217 Cal.Rptr. 329 (—[4th Dist.] 1985), *rev. granted,* 220 Cal.Rptr. 390; 708 P.2d 1268. Like Texas, under California law before *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589, military retirement benefits were community property to the extent acquired during marriage. And like Texas, California courts regularly divided the gross amounts. The California court noted that *McCarty* changed that by the ruling that military retirement was a "personal entitlement" of the service member—that *McCarty* said: "Congress has weighed the matter, and '[i]t is not the province of state courts to strike a balance different from the one that Congress has struck.'" The appeals court reasoned that Congress has reweighed the matter and struck a new balance in the Act, which makes specific entitlement as well as enforcement provisions with respect to military retirement pay. The court disregarded broad statements by some courts that the Act "overruled *McCarty*" and held that the extent to which *McCarty* was eliminated by the Act is controlled by the provisions of the Act itself. An examination of the Act leads us

to agree with the court's reasoning. Section 1408(c)(1) states in part: "[s]ubject to the limitations of this section, a court may treat *disposable* retired or retainer pay ..., either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." [Emphasis added.] Thus, the right granted to the states is limited to dividing "disposable" or net pay. The Act then defines disposable pay: " '[d]isposable retired or retainer pay' means the total monthly retired or retainer pay to which a member is entitled ... less amounts which...." There are then spelled out certain deductions and the circumstances under which they are deductible. In the different provisions throughout the Act, it speaks of "disposable" retired pay. There would be no need to define disposable pay and spell out the deductions that create it if it were not the item granted by Congress to be the subject of state property divisions. Under the Act, it is specifically provided that any payment can only be made from the member's disposable pay. We conclude that only the disposable pay of Appellant is before the Court for division. We are also of the opinion that the better practice is to couch the award in percentages of the disposable pay, whatever it is, and not try to determine a dollar amount; this, because of the near impossible task of a state court arriving at a dollar amount of the enumerated deductions, and for the better reason that the amount of disposable pay is not static, but dynamic and subject to change. *Vines v. Vines*, 683 S.W.2d 117 (Tex.App.—San Antonio 1984, no writ). Point of Error No. Five is sustained.

In Point of Error No. Six, Appellant contends that the trial court erred in awarding any partition of military retirement benefits because of the doctrine of res judicata. The divorce decree in the instant case was entered September 18, 1975. The law in 1975 was such that the trial courts were unable to divide non-vested military retirement benefits. *Lumpkins v. Lumpkins*, 519 S.W.2d 491 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.). In *Lumpkins*, the trial court stated:

[I]f this Court did have the authority or power to set aside to petitioner herein any part of the retirement benefits of respondent, it would have set aside to petitioner some portion of those benefits when, if, and, as received.... ... [H]owever, this Court is powerless to make any such division.

In *Carreon v. Morales*, 698 S.W.2d 241 (Tex.App.—El Paso 1985, no writ), this Court recognized that "[t]he rule is well established in this state [Texas] that where a divorce decree fails to provide for a division of community property, the husband and wife become tenants in common or joint owners thereof." *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970). The record reflects that the trial court in the instant case did not dispose of the retirement benefits. The only reference to the retirement benefits is found in the residuary clause of the divorce decree. The residuary clause provided that the respondent, Elsie Maria Bridget Grier, is awarded the following property:

Any and all other property not specifically set out as taken by Petitioner that is *disposable community property* as of the date of this Decree. It is understood by the parties that Petitioner's retirement benefits, if any, are *not disposable community property* on this date. [Emphasis added.]

 The preceding language indicates that the trial court was aware of its inability to divide non-vested military retirement benefits and, as such, it left the disposition of the benefits in abeyance. The preceding language specifically noted that the parties were aware and understood that the retirement benefits were not disposable (divisible) at the time of divorce. Therefore, under the precedent set forth in *Busby*, the parties became tenants in common and the Appellee was not prohibited from seeking partition. In *Busby*, the Supreme Court held that "[s]ince this property was not partitioned at the time of divorce, we hold that the judgment entered in the divorce

did not preclude the plaintiff from seeking a partition of the undivided community property sought to be partitioned here." *See also: Yeo v. Yeo,* 581 S.W.2d 734 (Tex. Civ.App.—San Antonio 1979, writ ref'd n.r. e.); *Thompson v. Thompson,* 500 S.W.2d 203 (Tex.Civ.App.—Dallas 1973, no writ); *Thibodeaux v. Thibodeaux,* 546 S.W.2d 662 (Tex.Civ.App.—Beaumont 1977), *rev'd & ren. on other grounds,* 596 S.W.2d 174 (Tex.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.); *Martin v. Flener,* 543 S.W.2d 756 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.). We overrule Point of Error No. Six, concluding that the doctrine of res judicata is not controlling where the trial court specifically alluded to the fact that the Appellant's military retirement benefits were not divisible at the time of divorce.

The judgment of the trial court is reversed and judgment is here rendered that Appellee is awarded 37.45 percent of Appellant's disposable retired or retainer pay based on the rank of Major that is currently payable to such 0–4 officer who would have retired with twenty years' service in September 1975, together with increases which may occur other than those increases which result from increase in rank and which may otherwise accrue as compensation for services rendered by Appellant after September, 1975.

Appellant having prevailed on appeal, he is not liable for attorney's fees above those awarded for trial, and judgment is here rendered that Appellee recover only the attorney's fees allowed for the trial court level. Costs of appeal are rendered against the Appellee.