### CROUCH HARDWARE COMPANY v. C. A. WALKER.

#### Decided July 4, 1908.

**1.—Chattel Mortgage—Conversion—Charge.**

A chattel mortgage authorized the mortgagee to take possession of the mortgaged property and sell it in case of default in payment of the debt; in a suit by the mortgagor against the mortgagee for conversion of the property there was testimony to the effect that the mortgagor told the mortgagee to do what it pleased with the property; the mortgagee requested the court to charge the jury that if they believed said testimony, to find for the mortgagee. Held, properly refused because upon the weight of the evidence. It was the province of the jury to interpret said testimony.

**2.—Conversion—Value—Evidence.**

Upon the question as to the value of an article alleged to have been converted by the defendant, the plaintiff, when asked if she knew what it was worth and could have been sold for, answered, "$225, the price I paid for it, was what it was worth;" to this answer the defendant objected "because it was not the proper rule for ascertaining value." Held, the objection was properly overruled, because too indefinite, and because the testimony tended to show that the value given was the cash market value of the article in question.

Error from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*Smith & Lattimore,* for plaintiff in error.

*J. A. Templeton* and *Jas. Derden,* for defendant in error.—If the property in question be classed and treated as second-hand household goods, as testified by the witness Bowers it should be, then it will not be presumed that such goods have any market value. But in such cases the

true measure of damage is the real or intrinsic value of the property at the time of its conversion. Wells, Fargo Ex. Co. v. Williams, 71 S. W., 314; Houston & T. C. Ry. v. Nay, 58 S. W., 43.

SPEER, ASSOCIATE JUSTICE.—Miss C. A. Walker sued Crouch Hardware Company in the District Court of Tarrant County to recover seven hundred and ninety-four dollars as the value of certain articles of kitchen furniture alleged to have been wrongfully converted by defendant, and the further sum of five hundred dollars as exemplary damages. The defendant pleaded that it had sold to the plaintiff the articles of kitchen furniture mentioned in her petition at the agreed price of six hundred and ninety-four dollars (admitting that there had been an error of one hundred dollars in the amount for which her notes had been taken), and at the time she had paid the sum of three hundred dollars cash, executing her promissory notes, secured by chattel mortgage upon the property, for the balance due. That almost immediately after the purchase she had closed her cafe, for which the articles had been bought, and had voluntarily returned the property to defendant for safe keeping until such time as she could procure a suitable place to open up her business again, and that in the meantime one of the notes became due, and upon her failure to pay the same the remaining notes were also declared to be due and payable, whereupon the plaintiff turned over the property in controversy to defendant in satisfaction of the remaining amount so due it. There was a trial before a jury, resulting in a verdict and judgment in favor of plaintiff in the sum of two hundred and twenty-two dollars and fifty cents, from which the defendant has appealed.

The court instructed the jury as follows: "(1) If you believe from the evidence that the defendant, without plaintiff's consent, seized and carried away the property mentioned and described in plaintiff's petition, then you will return a verdict in favor of plaintiff for the reasonable market value of said property at the time of such seizure, if any, together with interest thereon from the date the property was taken from plaintiff's possession, at six per cent. per annum.

"(2) If you find that defendant did take the property, but you believe that plaintiff agreed with defendant that the same should be taken in full payment and satisfaction of the balance of the unpaid purchase price thereof, then you will find in favor of the defendant, and so say by your verdict.

"(3) If you find for plaintiff under section one (1) of this charge, or if you find that she consented to the taking of the property, then you will find in favor of defendant over against plaintiff for the amount of unpaid notes in evidence, with interest thereon at the rate of eight per cent. per annum from date, and ten percent attorney's fees on the amount of principal and interest remaining unpaid, and a foreclosure of the mortgage thereon, but you will credit the notes with $100 as of date of notes."

It is first insisted that the court erred in refusing the following special charge: "You are instructed that if you believe, from the evidence before you, that the property in question was delivered to defendant by plaintiff, and that after the first note was due, and all of the notes declared due, plaintiff refused to pay said notes, and told defendant to do what it pleased with the property, then you will find for the defendant."

The issue of defendant in error's delivering to plaintiff in error the property in satisfaction of the unpaid notes was very clearly submitted to the jury in paragraph two of the charge, and there was therefore no necessity for again presenting it in the requested charge. Besides, the requested charge was on the weight of the evidence, since if defendant in error told plaintiff in error "to do what it pleased with the property" the jury might reasonably have found, in view of the stipulations in the mortgage, that she meant no more than that plaintiff in error should exercise its legal rights in the premises, that is, to sell the property in accordance with and in pursuance of the terms of the chattel mortgage.

The first paragraph of the charge is not subject to criticism, but properly presents the issue of plaintiff in error's liability if it wrongfully converted defendant in error's property. If it seized and carried away her property without her consent it clearly would be liable, and the court did not err in so stating to the jury. The verdict, when read in the light of the charge, makes it quite clear that the jury adopted the defendant in error's version of the affair and disregarded the testimony of plaintiff in error to the effect that she consented to the taking in the first place. Defendant in error, while a witness in her own behalf, having testified that there was a demand for a range like the one involved in this suit, and it could have been sold before it was ever moved from her place, was asked if she knew what it was worth and could have been sold for, to which she replied: "$225, the price I paid for it, was what it was worth." To this plaintiff in error objected "because it was not the proper rule for ascertaining value," and the court overruled the objection and admitted the testimony. There was no error in this. The objection made is so indefinite as hardly to raise any question at all, but if it be interpreted as invoking the rule that the cash market value of the property at the time of its conversion would be the proper measure of damages, the court's ruling was yet not erroneous, since the testimony of the witness tended to show that the value given was the cash market value of the range.

The positive testimony of plaintiff in error's witnesses, and many of the circumstances surrounding the transaction, tend strongly to support plaintiff in error's contention in this case, but we are unable to say that the verdict and judgment are not supported by the testimony of defendant in error, which so flatly contradicts such contention. We find no error in the judgment and it is affirmed.

*Affirmed.*