**Joe A. CUNNINGHAM, Jr., Appellant,**

v.

**Cruz VILLALON et ux., Appellees.**

No. 13513.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 16, 1959.

Bridges & Oxford, Mission, for appellant.

Rankin & Cherry, Ramiro B. Martinez, Edinburg, for appellees.

MURRAY, Chief Justice.

This suit was instituted in the 93rd District Court of Hidalgo County, Texas, by

Cruz Villalon and wife, Luz Villalon, against Joe A. Cunningham, Jr., seeking to recover, among other things, the sum of $970.54 for the alleged conversion of their furniture and household goods. The trial was to the court, without the intervention of a jury, and resulted in judgment in favor of plaintiffs against defendant in the sum of $500 with interest at the rate of six per cent per annum.

Appellant's first contention is that the evidence is insufficient to show that he converted appellees' furniture and household goods. We overrule this contention.

The evidence shows that on September 13, 1955, appellant entered into a written contract of sale with appellees, conditionally selling to them a certain house and lot in the town of Elsa, Hidalgo County, Texas, for the sum of $3,600. There was to be a yearly installment payment of $480, beginning September 1, 1956, and a similar payment annually thereafter. The appellees made the first payment of $480 on September 1, 1956, but failed to make the payment due on September 1, 1957. Appellees had gone north looking for seasonal employment and had left their furniture and household goods in said house. Appellant had written appellees letters notifying them to remove their furniture and household goods from the property, as he desired to revoke the sales contract and retake the property because of their failure to pay the 1957 installment, but this proved unsuccessful. In December, 1957, appellant called a storage company and had them take the furniture and household goods and store them in their warehouse. Thereafter appellees returned to Hidalgo County and demanded possession of their furniture and household goods, but this was refused them, unless they paid the drayage and storage on the goods, which amounted to about $175. Appellees failed to make this payment and their furniture and household goods were advertised and sold at public sale. Thus appellees were never able to recover possession of their furniture and household goods.

We are cited by appellant to the cases of Compton v. Farrington, Tex.Civ. App., 16 S.W.2d 345, and Adams v. Weir & Flagg, Tex.Civ.App., 99 S.W. 726. In the Compton case the appellant was acting under a writ, while in the case at bar there were no legal proceedings instituted, and in that case there is nothing to show that the goods were being held for the payment of storage and drayage charges. In the Adams case, all the appellant did was to remove the property and have it stored. In the case at bar appellant not only had the furniture removed from the house, but as a direct result of his conduct the furniture was held for drayage and storage charges, and when these were not paid the furniture was sold at public sale. The appellant may have had the right to remove the furniture from the house and have it stored, but when he refused to return it to appellees until they had paid for such storage and drayage, and thereafter permitted it to be sold at public sale, he completed the conversion of the property and thereby became liable to appellees for the value of such furniture and household goods. The evidence shows that the charge of $175 for storage and drayage was an excessive charge.

In 42 Tex.Jur. 521, § 15, we find the following:

"Conversion may consist in the wrongful detention of chattels under an assertion of right inconsistent with the owner's general dominion, particularly when the detention occurs after a demand for possession has been made." Citing, Adams v. San Antonio Life Ins. Co., Tex.Civ.App., 185 S.W. 610.

Appellant next contends that the evidence is insufficient to establish the value of the property taken as being $500. It is a difficult matter to establish the intrinsic value of household goods which are in use. The evidence in this case showed the articles of furniture taken, some of which were purchased new by appellees and some as second-hand furniture, showed the price

paid by appellees, and the value placed on such furniture by appellees. This evidence was sufficient to justify the court's finding that the furniture was of the value of $500.

The judgment is affirmed.