JAY FIKES AND ASSOCIATES, d/b/a Kings Park Apartments, Appellant,

v.

Sherry Smith WALTON, Appellee.

No. 8971.

Court of Civil Appeals of Texas, Amarillo.

February 26, 1979.

Rehearing Denied April 2, 1979.

Griffith & Brister, Bill H. Brister, Lubbock, for appellant.

Gerald L. Anderson Law Offices, Inc., Gerald L. Anderson, Lubbock, for appellee.

REYNOLDS, Justice.

An action for conversion of a tenant's property lead to a judgment for the value of the converted property, punitive damages and attorney's fees. The awards for actual and exemplary damages are sustainable; but, absent establishment of a contractual or statutory right to recover attorney's fees, the award therefor must be eliminated. Modified and affirmed.

Sherry Smith Walton occupied a unit of the Kings Park Apartments in Lubbock under a written one-year lease agreement with Jay Fikes and Associates, d/b/a Kings Park Apartments. The lease agreement provided for a landlord's lien on Walton's non-exempt property which, after five days notice of any default under the lease, could be seized and retained until the default is cured. On the theory that Walton's lease payments were in default, Fikes's apartment manager, without any notice, entered Walton's apartment and seized her stereo and vacuum cleaner. Walton vacated the apartment and brought this action.

Walton alleged that Fikes had unlawfully and maliciously converted her stereo and vacuum cleaner which had a total value of

$1,000. She sought "exemplary treble damages in the sum of $3000," and either (1) return of the converted property with interest on its value, or (2) recovery of the value of the property at the time of conversion. Her prayer for recovery based on her allegations was extended to include "attorneys fees." By cross-action, Fikes alleged that Walton was liable for $1,650 due and owing under the lease.

Sitting without a jury, the trial court denied Fikes any recovery on the cross-action and rendered judgment for Walton in the sum of $1,299. The judgment amount is an aggregate of: $99 for the vacuum cleaner; $600 for the stereo; $300 as punitive damages; and $300 for attorney's fees. Findings of fact and conclusions of law were made and filed.

Appealing from the judgment, Fikes does not complain of the court's decision on the cross-action, nor question the imposition of liability for conversion, nor dispute the value found for the vacuum cleaner. Rather, Fikes challenges the amount of the award for the stereo, the sufficiency of the evidence to show a ground for exemplary damages, and the allowance of attorney's fees.

Respecting the value of the stereo, the court heard testimony from Walton and Bob H. Smith, a Lubbock pawn broker. Walton testified that at the time the stereo was taken from her apartment its value to her was $600. Smith's testimony was that he, as a pawn broker, would buy the stereo for $100 and that the retail value for it out of his store would be approximately $169 to $179. The court found as a fact that the reasonable *market* value of the stereo in Lubbock County on or about the time of the conversion was $600.

In challenging the award of $600, Fikes insists that the stereo is neither a personal effect nor a household good and, therefore, any award for damages should be based on its market value. Fikes points to the testimony of Smith as determinative of the stereo's market value, and urges that the court's finding of $600 as the market value to be without support in the evidence.

■ The courts of this State recognize a distinction between marketable chattels possessed for sale and chattels possessed for the comfort and well-being of the owner. The loss value of the former is determined by its market value while the loss value of the latter is measured by the value of its use to the owner who suffered the deprivation. *Crisp v. Security National Insurance Company*, 369 S.W.2d 326, 329 (Tex.1963). Walton's stereo fits within the purview of the second classification and, by the guidelines of *Crisp*, Walton was entitled to recover not merely what the stereo could have been sold for in the market, but rather what its actual value was to her. Walton testified that she thought if somebody had offered her money for the stereo, she would not have taken $600 for it.

Nonetheless, the trial court, in finding the value of the stereo to be $600, did label that amount as the *market* value. Walton gave her opinion that when the stereo was taken from her apartment, its value was the same as, and it was worth the amount she paid, when she bought it, "around $600." Testimony of this nature has been held to evidence the cash market value of converted property, *Crouch Hardware Co. v. Walker*, 51 Tex.Civ.App. 571, 113 S.W. 163, 164 (1908, no writ), and to be a sufficient basis to justify the court's finding of value. *Cunningham v. Villalon*, 327 S.W.2d 461, 462–63 (Tex.Civ.App.—San Antonio 1959, no writ). Thus, we cannot say that there is no support in the evidence for the court's finding of $600 as the market value of the stereo.

■ Fikes's challenge to the award of exemplary damages is positioned from the viewpoint that its actions were justifiable and there is insufficient evidence to show either malice or gross negligence. To be a ground for exemplary damages, gross negligence is that entire want of care which raises the belief that the act or omission complained of is the result of conscious indifference to the right of the person to be affected by it. *Atlas Chemical Industries, Inc. v. Anderson*, 524 S.W.2d 681, 688 (Tex. 1975). So, to recover exemplary damages

here, Walton was required to affirmatively show that Fikes, through its employees or agents, disclosed an entire want of care or a conscious indifference to her rights. *Bennett v. Howard*, 141 Tex. 101, 170 S.W.2d 709, 713 (1943).

Fikes had no right to enter Walton's apartment and seize her property unless Walton remained in default of a lease provision after five days notice. Yet, Fikes alleged and contends there was a proper predicate for the seizure in that Walton was delinquent in her lease payments and the apartment manager had heard from a reliable source that Walton was about to move.

However, from the evidence adduced, the trial court specifically found that: Walton was not in default of the lease agreement when the stereo and vacuum cleaner were seized; Fikes willfully and intentionally instructed the apartment manager to ignore the five-day notice requirement; the property was taken without the knowledge or consent of Walton; Walton's demand for return of the property was denied; and at or about the time the property was taken, Fikes deliberately cut off the electricity to Walton's apartment. The court did not make any finding of justification on Fikes's part. Additionally, the evidence produced testimony that: Walton had no intention of moving until Fikes committed the acts found by the court; the apartment manager found no indication in the apartment that Walton was about to move; and the stereo was kept in the party room of the apartment complex and used by Fikes's employees.

Other than by reference to testimony of Walton's delinquency in payment and information that she was about to move as justification for its actions, Fikes does not directly attack the court's findings of fact. The findings, therefore, are binding, *Hines v. First Guaranty State Bank of Aubrey*, 243 S.W. 972 (Tex.Comm'n App.1922, judgmt. adopted), and establish an entire want of care or conscious indifference of Walton's rights on the part of Fikes. Moreover, even considering Fikes's evidence of justification, a review of the entire record

under the criteria of *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965), demonstrates some evidence of a ground for exemplary damages, and we cannot say, in the light of all of the evidence, that the determination to award exemplary damages is manifestly unjust.

Fikes challenges the allowance of attorney's fees. Fikes submits that the award was erroneous for the lack of proper pleadings and because in a conversion suit such fees are not allowed either as actual damages or under any statutory provision.

█ It is a fixed principle in our law that attorney's fees are not recoverable in an action in tort or upon a contract unless provided by statute or by contract between the parties. *New Amsterdam Casualty Co. v. Texas Industries, Inc.*, 414 S.W.2d 914, 915 (Tex.1967). Furthermore, in a conversion action, attorney's fees are not recoverable as actual or exemplary damages. *Security State Bank v. Spinnler*, 55 S.W.2d 128, 129 (Tex.Civ.App.—Amarillo 1932, writ dism'd). Because the lease agreement contains no provision regarding attorney's fees, Walton may recover them only if so provided by statute.

The trial court concluded that Fikes, acting through its agents, took property in violation of Tex.Rev.Civ.Stat.Ann. art. 5236d § 5 (Supp.1978), which, as material here, provides that it shall be unlawful for a landlord or his agent to seize non-exempt property unless pursuant to the terms of the written rental agreement. Section 7 of the article specifies that upon willful violation of the article,

. . . the tenant may recover one month's rent, plus actual damages, plus reasonable attorneys fees, less any delinquent rentals or other sums for which the tenant is liable.

By the provisions of Section 8, the article does not diminish a tenant's right to pursue additional consistent remedies at common law.

The determinative question, then, is whether Walton pursued the remedies allowed by Article 5236d, Section 7, or sought

the recovery permitted under the common law action for conversion. As cast, her pleadings alleged the primary right to exemplary damages of three times the alleged value of the converted property and return of the property with annual interest on its value. Alternatively, she alleged the right to the exemplary damages and the value of the converted property. Other than being mentioned in the prayer, attorney's fees were not included as an element of recovery in the allegations.

■ The allegations contained in the petition determine the nature and character of a suit. *Wynn v. State ex rel. Wichita County*, 431 S.W.2d 934, 935 (Tex.Civ.App.—Amarillo 1968, no writ). The petition must contain a statement in clear and concise language of the plaintiff's cause of action and must give fair notice of the claim involved. Tex.R.Civ.P. 47; *Christy v. Hamilton*, 384 S.W.2d 795, 796 (Tex.Civ.App.—Amarillo 1946, no writ). Therefore, a party must recover in the right in which he sues and upon proof of the facts stated in his pleadings, and he cannot recover through a right not asserted. *Starr v. Ferguson*, 140 Tex. 80, 166 S.W.2d 130, 132 (1942).

■ Governed by these principles, a fair reading of Walton's pleadings compels the conclusion that she did not seek the remedies provided by the statute. The statute does not include among its remedies the exemplary damages Walton alleged as the principal amount of her recovery, and she did not encompass in her allegations any claim to the one month's rent and reasonable attorney's fees permitted by the statute. Walton's pleadings do not refer to the statute, and we see nothing in the pleadings that asserted the rights conferred by, or gave fair notice that she intended to ground her action on, the statute.

■ Nor are we persuaded to accept Walton's proposal that, although she did not specially raise the issue of reasonable attorney's fees under the statute, the issue was tried by consent pursuant to Tex.R.Civ.P. 67. That rule does sanction an unpleaded issue to be treated as raised in the pleadings when it is tried by express or implied consent; but, the rule is intended to cover the exceptional case where it clearly appears from the record as a whole that the parties tried the unpleaded issue. It is not intended to establish a general rule of practice and should be applied with care, and in no event in a doubtful situation. *Foxworth Galbraith Lumber Co. v. Southwestern Contracting Corporation*, 165 S.W.2d 221, 224 (Tex.Civ.App.—Fort Worth 1942, writ ref'd w. o. m.).

The only mention of attorney's fees at trial occurred in the following manner:

THE COURT: Who will you have next, Mr. Florey?

MR. FLOREY [Walton's counsel]: Your Honor, the only thing I have left to offer into evidence is the value of attorney's fees. Mr. Brister and myself agreed that if the judge decides to access [*sic*] attorney's fees, that it shall be at his discretion to determine the amount and that testimony as to the value of such fees will not be necessary.

THE COURT: Do you so stipulate, Mr. Brister?

MR. BRISTER [Fikes's counsel]: Yes.

■ The stipulation itself contains no language signifying any agreement that an allowance of attorney's fees is either within the scope of the action or proper; the language merely stipulates to the understanding that the court may fix a dollar amount without hearing evidence on the value of attorney's fees. If it be arguable that the stipulation constitutes the hearing of some evidence on the issue of attorney's fees, the introduction of evidence alone does not mean the parties consented to a trial of the unpleaded issue; there must be more. *Harkey v. Texas Employers' Ins. Ass'n.*, 146 Tex. 504, 208 S.W.2d 919, 922 (1948). But here, there was nothing more. No indication was given to the court that Walton was claiming attorney's fees for a willful violation of Article 5236d.

■ On balance, it is significant that by pleadings, in the manner of trial, and through their briefs, the parties have treat-

ed this cause as a common law action for conversion. This treatment authorizes us to likewise treat the action as one for conversion, *McLellan Stores Co. v. Lindsey*, 157 S.W.2d 1013, 1015 (Tex.Civ.App.—Eastland 1941, writ ref'd w. o. m.); *Lucas v. Lucas*, 365 S.W.2d 372, 379 (Tex.Civ.App.—Beaumont 1962, no writ), in which, as noted, attorney's fees are not a separate element of recovery. *Security State Bank v. Spinnler, supra*, at 129. It being axiomatic that a judgment shall conform to the pleadings and the nature of the case proved, Tex.R. Civ.P. 301; *Starr v. Ferguson, supra*, 166 S.W.2d at 132, the award for attorney's fees must be eliminated from the judgment.

Accordingly, the judgment of the trial court is modified to eliminate therefrom the award of $300 for attorney's fees and, as modified, the judgment is affirmed. Tex.R. Civ.P. 434.

Seventy-seven (77%) percent of the costs are adjudged against Jay Fikes and Associates, d/b/a Kings Park Apartments, and twenty-three (23%) percent of the costs are adjudged against Sherry Smith Walton.