**BOBBY SMITH BROKERAGE, INC., S & R Brokerage, Inc., and Douglas Smith, Appellants,**

v.

**James BONES, Appellee.**

**No. 2–87–057–CV.**

Court of Appeals of Texas, Fort Worth.

Dec. 17, 1987.

Groce, Locke & Hebdon, Timothy Patton and David M. Prichard, San Antonio, for appellants.

John Hand, Waco, for appellee.

Before FENDER, C.J., and HILL and KELTNER, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal by Bobby Smith Brokerage, Inc., S & R Brokerage, Inc., and Douglas Smith, defendants in the trial court, from a judgment awarding plaintiff, James Bones, actual and punitive damages for fraud, a breach of fiduciary duty and a duty of good faith and fair dealings.

We reverse and render.

On February 2, 1983, appellee filed suit against appellants alleging he was an independent trucker transporting loads of freight assigned to him by various brokerage firms, including appellants'. Appellee's Original Petition alleged that he had an agreement with appellants that he would receive the gross freight amount quoted on the shipper's invoice for each load less the brokerage fee of nine percent which would be retained by appellants for referring the job to appellee. Appellee further alleged that from July, 1981 until December, 1982, appellants represented to appellee a lesser amount than the true amount of the freight invoice, thereby retaining and *converting* for themselves the difference. For example, if appellants' gross freight amount quoted on the shipper's freight invoice was $2,800 then appellee claims he would receive only $2,600 less a nine percent brokerage commission.

Based on the evidence presented at trial, the trial court rendered judgment against appellants. In response to appellants' request, the trial judge made findings of fact and conclusions of law that set forth the basis for the judgment as being fraud, a breach of a fiduciary duty and a duty of good faith and fair dealings.

In point of error one, appellants argue that the trial court's judgment and its findings of fact and conclusions of law on fraud, breach of fiduciary duty and good faith and fair dealings are not supported by pleadings. We agree.

The allegations contained in the pleadings determine the nature and character of a suit. *Wynn v. State ex rel. Wichita County*, 431 S.W.2d 934, 935 (Tex.Civ. App.—Fort Worth 1968, no writ). Appellants had a right to assume that the case made by the pleadings was the only case they were called upon to defend. *See Jay Fikes and Associates v. Walton*, 578 S.W. 2d 885, 889 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). Therefore, appellee must recover on the basis on which he sued and upon proof of facts stated in his pleadings, and he cannot recover through a right not asserted. *Id.*

The trial court made a finding in its Findings of Fact and Conclusions of Law that appellee's recovery was based on common law fraud. In the trial court's Additional Findings of Fact and Conclusions of Law, filed over two months after the trial, a breach of a fiduciary duty and a duty of good faith and fair dealings were raised for the first time. However, a reading of appellee's pleadings compels the conclusion that he did not seek recovery under any of the enumerated theories listed by the trial court. Appellee's petition neither uses the words fraud, fiduciary duty or good faith and fair dealings nor does the petition mention any elements of these causes of action, i.e., misrepresentation, intent to induce reliance, special relationship. In contrast, appellee's petition alleges in numerous places that appellants "converted" funds owed to appellee. Appellee's petition further prays for actual and exemplary damages based on the actual amount appellants converted from appellee's freight compensation.

Further, we do not believe appellee's contention that fraud, breach of fiduciary duty and good faith and fair dealings were tried by consent pursuant to TEX.R.CIV.P. 67. Appellants consistently objected to the ab-

sence of pleadings to support any theory of recovery other than conversion. At the first and only mention by appellee's counsel of a fraud theory of liability appellants' counsel immediately objected on the grounds that appellee only plead conversion. Appellants also objected, on the same grounds, to the trial court's Findings of Fact and Conclusions of Law which stated the judgment was based on fraud, breach of fiduciary duty and good faith and fair dealings. TEX.R.CIV.P. 67 is intended to cover only exceptional cases where it appears from the record as a whole that the parties tried the unplead issue, and it should be applied with care. *Foxworth–Galbraith L. Co. v. Southwestern Cont. Corp.*, 165 S.W.2d 221, 224 (Tex.Civ.App.—Fort Worth 1942, writ ref'd w.o.m.). Accordingly, TEX.R.CIV.P. 67 should not be applied in the instant case.

█ It is significant that the pleadings and the proceedings at trial have treated this cause as an action for conversion because, as a matter of law, a judgment in appellee's favor could not have been based on conversion. Appellee testified that he was not seeking to recover specifically identifiable funds, but rather he was attempting to recover money generally. At the close of appellee's case-in-chief, appellants made a motion for instructed verdict on the grounds that "money damages cannot be the basis of conversion in the absence of showing of any other chattel...." Appellants' motion was overruled.

It is well settled that money can be a subject of conversion only if it can be described or identified as a specific chattel, but not where an indebtedness can be discharged by a payment of money generally. *Hull v. Freedman*, 383 S.W.2d 236, 238 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n.r.e.). Therefore, we are of the opinion that a judgment in favor of appellee could not stand under the plead theory of conversion. Appellants' point of error one is sustained. In light of our disposition of appellants' point of error one, we need not address appellants' remaining points of error.

The judgment of the trial court is therefore reversed and judgment is here rendered that appellee take nothing by his suit. All costs will be assessed against appellee.

Reversed and rendered.