NO. 07-06-0372-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 26, 2006


 ______________________________



IN THE INTEREST OF T.L.B., A CHILD,


_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;



NO. 71,632-2; HONORABLE PAMELA SIRMON, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Levohn H. Brown attempts to appeal an order that granted a motion for
nonsuit filed by appellee Shanda Lynn Vance and dismissed the suit she brought seeking
termination of Brown's parental rights. We dismiss the appeal for want of jurisdiction. 

 Vance filed her original petition in November 2005, in cause number 71,632-2, in
the County Court at Law No. 2 of Potter County. A letter from Brown indicates the petition
was served on him in Indiana where he is incarcerated. The trial court granted Vance's
motion for nonsuit and dismissed the case without prejudice in a written order signed and
filed February 22, 2006. The clerk's record shows the dismissal order disposed of all
parties and issues in the case. No motions extending the deadline for perfection of appeal
were filed, making March 24, 2006 the last day on which Brown could perfect an ordinary
appeal from the trial court's order. See Tex. R. App. P. 26.1(a) (unless exception applies,
notice of appeal must be filed within thirty days after judgment is signed); In re Bennett,
960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding) (appellate timetables run from date
dismissal order signed). Brown filed his original notice of appeal on September 20, 2006,
making it untimely.

 Because the record indicates Brown did not participate in any hearing in this case
and did not timely file a post-judgment motion or request for findings of fact or conclusions
of law, we must also determine whether his notice was timely to perfect a restricted appeal. 
See Tex. R. App. P. 30. Notice of appeal in a restricted appeal must be filed within six
months of the judgment or order complained of. Tex. R. App. P. 26.1(c). Brown's notice
of appeal was filed 210 days, or seven months, after the trial court's order and was also
untimely to perfect a restricted appeal. 

 By letter dated October 11, 2006, we notified Brown that his notice of appeal
appeared untimely, and advised that we would consider our jurisdiction over the appeal 
on or after October 23, 2006. Brown filed a response to our letter on October 23. Most of
the information contained in Brown's response pertains to a later termination proceeding
rather than to the nonsuited proceeding that is the subject of this appeal. The response
does not alter our preliminary conclusion that Brown's notice of appeal was untimely with
respect to this appeal. (1) 

 Our authority on appeal is dependent on a timely notice of appeal. See Verburgt
v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997) (applying former rule). No timely notice of
appeal having been filed, we must dismiss the appeal. Accordingly, having given the
required notice, and without expressing any opinion on the merits of Brown's attempted
appeal from the dismissal of Vance's suit, we dismiss the appeal for want of jurisdiction. 
Tex. R. App. P. 42.3.

 

 James T. Campbell

 Justice



1. Brown's notice of appeal also made reference to the later proceeding, cause
number 72, 293, also in the County Court at Law No. 2 of Potter County, in which an order
terminating his parental rights was entered on August 30, 2006. His appeal of that order
is pending in this court as No. 07-06-0371-CV. 


/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00134-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JULY
28, 2011

 



 

IN THE MATTER OF THE MARRIAGE OF DAVID MICHAEL LITTLE AND CHARLENE
MCDOWELL LITTLE



 



 

FROM THE 85TH DISTRICT COURT OF BRAZOS COUNTY;

 

NO. 07-002205-CVD-85; HONORABLE J. D. LANGLEY, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Through one issue, appellant Charlene
McDowell Little (wife) argues the trial court erred by failing to render a
money judgment in her favor against appellee David
Michael Little (husband) on the dissolution of their marriage.  Finding no error by the trial court, we will
affirm its judgment.

Background

During her marriage to husband, wife
was involved in a motor vehicle accident and reached a settlement of her
resulting injury claim.  In August 2007,
husband filed a petition for divorce alleging no-fault grounds.  The couple had no children.  Husband requested a just and right division
of the estate of [husband and wife], and confirmation of his separate
property.  Wife did not file an answer
but appeared with counsel for trial.

Following a bench trial, the court
signed a decree of divorce in December 2009. 
The decree contains provisions dividing the marital estate, awarding to
each spouse items of tangible and intangible property including accounts.  In the next section of the decree, which is
entitled Confirmation of Separate Property, after a list of several items
confirmed to be the husbands separate property, the decree contains the
statement, The Court further confirms the following as the wifes separate
property . . . [t]he $75,000 personal injury settlement previously obtained by
the wife.  At trial, wife offered no
proof of the amount of her personal injury settlement nor did she offer
evidence that the entire amount received was compensation for personal
injuries.[1]  Wife filed a motion for new trial arguing she
was also entitled to a money judgment against husband for $75,000.  Findings of fact and conclusions of law were
neither requested nor filed.  Wifes
motion for new trial was overruled by operation of law and this appeal
followed.

Issue and Analysis

            Wife
argues the trial court erred by not awarding her a $75,000 money judgment
against husband, as a means of recovering from him the item confirmed as her
separate property.  As the sole authority
for her argument, wife cites Rule of Civil Procedure 301.[2]  Husband points out wife filed no pleadings
for the recovery of separate property. 
In her reply brief, wife concedes she filed no pleading seeking recovery
of her separate property, or requesting a money judgment against husband.  Wife does not deny the requirement for such
pleadings.  Rather, relying exclusively
on Rule of Civil Procedure 67,[3]
she argues she was entitled to a money judgment against husband, based on an
unspecified theory of recovery, because the matter was tried by consent.

A courts judgment must conform to
the pleadings.  Tex. R. Civ. P. 67.  But claims or defenses tried by implied or
express consent are treated as though raised by the pleadings.  Roark v. Stallworth Oil & Gas, 813
S.W.2d 492, 495 (Tex. 1991).  An
issue not raised by a partys pleading may be tried by consent if evidence on
the issue was developed under circumstances indicating the parties understood
the issue was part of the case and the other party failed to properly complain.  Johnson v. Oliver, 250 S.W.3d 182, 186 (Tex.App.--Dallas
2008, no pet.).  However, when the
evidence of an unpleaded matter is relevant to
pleaded issues, the evidence could not be expected to elicit an objection so
the unpleaded matter is not tried by consent.  Moneyhon v. Moneyhon,
278 S.W.3d 874, 879 n.6 (Tex.App.--Houston [14th
Dist.] 2009, no pet.).  Trial by
consent is intended to cover the exceptional case where it clearly appears
from the record as a whole that the parties tried the unpleaded
issue.  It is not intended to establish a
general rule of practice and should be applied with care, and in no event in a
doubtful situation. Jay
Fikes & Associates v. Walton, 578 S.W.2d 885,
889 (Tex.Civ.App.--Amarillo 1979, writ refd n.r.e.).  The court determines whether an issue was
tried by consent by examining the record, not for evidence of the issue, but
for evidence of trial of the issue.  Beck v. Walker, 154 S.W.3d 895, 901 n.3 (Tex.App.--Dallas 2005, no pet.).  

            Wife
did not file a pleading seeking a money judgment against husband.  The only trial reference to wifes personal
injury claim and its settlement occurred in the following testimonial exchange
between wife and her counsel:

Q.        Tell the court about
[wifes motor vehicle accident].

A.        I was hit by a truck from
behind.  There was primarily damage to my
knee, and I hit my head.

Q.        Did that put you on
permanent disability?

A.        It was not debilitating,
but I certainly still feel the pain in my knee.

Q.        Okay.  Did you file a lawsuit in that case?

A.        I did.

Q.        And did you settle that
lawsuit?

A.        Yes, we did.

Q.        Okay.  And the proceeds that you received in that
settlement, what happened to it?

A.        I dont think I still have
anything left from the lawsuit.

Q.        No, I mean, when you
received the money, what did you do with it?

A.        [Husband] had it.  I mean, it was turned over to [husband]; but
I--I cant tell you what he did with it.

Q.        So you dont know what
happened to it yourself?

A.        No.

Q.        Okay.  Has he ever told you what he did with the
funds?

A.        I never questioned him
about it.  I dont know what he did.

            The
primary issue for trial in this case was division of the community estate of
husband and wife.  In a divorce decree,
the trial court shall order a division of the estate of the parties in a
manner that the court deems just and right, having due regard for the rights of
each party and any children of the marriage. 
Tex. Fam. Code Ann. § 7.001 (West 2006); see § 3.003(a) (presumption that all property possessed by either
spouse during marriage or on hand at dissolution of marriage is
community).  Evidence of property
acquired or owned during marriage, such as wifes personal injury settlement,
was therefore highly relevant to division of the community estate.  Wife never asked the court for relief by
counterclaim, either prior to or during trial, related to recovery of her
separate property from husband.  Indeed,
during closing argument, while questioning counsel for wife about his fee
arrangement, the court commented, I havent heard a tort claim in this
case.  We conclude the brief mention of
wifes personal injury settlement, relevant to division of the marital estate,
is no evidence the court tried an unpleaded, and as
yet unspecified, theory for recovery of separate property funds from husband.[4]  The doctrine of trial by consent has no
application here.  Accordingly, the trial
court did not err by refusing to render a money judgment in favor of wife.

            We overrule
wifes sole issue and affirm the judgment of the trial court.

 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 











[1]  Husband does
not complain of the judgment by cross-appeal. 
Tex. R. App. P. 25.1(c).

 





[2]  In pertinent
part, Rule 301 provides:

 

The judgment of the court shall conform to the
pleadings, the nature of the case proved and the verdict, if any, and shall be
so framed as to give the party all the relief to which he may be entitled
either in law or equity.

 

Tex. R. Civ. P. 301.

 





[3]  Rule 67
provides:

 

When issues not raised by the pleadings are tried by
express or implied consent of the parties, they shall be treated in all
respects as if they had been raised in the pleadings. In such case such
amendment of the pleadings as may be necessary to cause them to conform to the
evidence and to raise these issues may be made by leave of court upon motion of
any party at any time up to the submission of the case to the Court or jury,
but failure so to amend shall not affect the result of the trial of these
issues; provided that written pleadings, before the time of submission, shall
be necessary to the submission of questions, as is provided in Rules 277 and
279.

 

Tex. R. Civ. P. 67.





[4] Cf. Schleuter v. Schleuter, 975
S.W.2d 584, 587 (Tex. 1998) (distinguishing recovery of separate property from
division of marital estate).