NO. 07-10-00134-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 28, 2011

IN THE MATTER OF THE MARRIAGE OF DAVID MICHAEL
LITTLE AND CHARLENE MCDOWELL LITTLE

FROM THE 85TH DISTRICT COURT OF BRAZOS COUNTY;

NO. 07-002205-CVD-85; HONORABLE J. D. LANGLEY, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Through one issue, appellant Charlene McDowell Little (wife) argues the trial court erred by failing to render a money judgment in her favor against appellee David Michael Little (husband) on the dissolution of their marriage. Finding no error by the trial court, we will affirm its judgment.

Background

During her marriage to husband, wife was involved in a motor vehicle accident and reached a settlement of her resulting injury claim. In August 2007, husband filed a petition for divorce alleging no-fault grounds. The couple had no children. Husband requested a just and right division of the "estate of [husband and wife]," and

confirmation of his separate property. Wife did not file an answer but appeared with counsel for trial.

Following a bench trial, the court signed a decree of divorce in December 2009. The decree contains provisions dividing the marital estate, awarding to each spouse items of tangible and intangible property including accounts. In the next section of the decree, which is entitled "Confirmation of Separate Property," after a list of several items confirmed to be the husband's separate property, the decree contains the statement, "The Court further confirms the following as the wife's separate property . . . [t]he $75,000 personal injury settlement previously obtained by the wife." At trial, wife offered no proof of the amount of her personal injury settlement nor did she offer evidence that the entire amount received was compensation for personal injuries.[1] Wife filed a motion for new trial arguing she was also entitled to a money judgment against husband for $75,000. Findings of fact and conclusions of law were neither requested nor filed. Wife's motion for new trial was overruled by operation of law and this appeal followed.

## Issue and Analysis

Wife argues the trial court erred by not awarding her a $75,000 money judgment against husband, as a means of recovering from him the item confirmed as her separate property. As the sole authority for her argument, wife cites Rule of Civil Procedure 301.[2] Husband points out wife filed no pleadings for the recovery of

---

[1] Husband does not complain of the judgment by cross-appeal. Tex. R. App. P. 25.1(c).

[2] In pertinent part, Rule 301 provides:

separate property. In her reply brief, wife concedes she filed no pleading seeking recovery of her separate property, or requesting a money judgment against husband. Wife does not deny the requirement for such pleadings. Rather, relying exclusively on Rule of Civil Procedure 67,[3] she argues she was entitled to a money judgment against husband, based on an unspecified theory of recovery, because the matter was tried by consent.

A court's judgment must conform to the pleadings. Tex. R. Civ. P. 67. But claims or defenses tried by implied or express consent are treated as though raised by the pleadings. *Roark v. Stallworth Oil & Gas,* 813 S.W.2d 492, 495 (Tex. 1991). An issue not raised by a party's pleading may be tried by consent if evidence on the issue was developed under circumstances indicating the parties understood the issue was part of the case and the other party failed to properly complain. *Johnson v. Oliver,* 250

---

The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity.

Tex. R. Civ. P. 301.

[3] Rule 67 provides:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. In such case such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made by leave of court upon motion of any party at any time up to the submission of the case to the Court or jury, but failure so to amend shall not affect the result of the trial of these issues; provided that written pleadings, before the time of submission, shall be necessary to the submission of questions, as is provided in Rules 277 and 279.

Tex. R. Civ. P. 67.

S.W.3d 182, 186 (Tex.App.--Dallas 2008, no pet.).  However, when the evidence of an unpleaded matter is relevant to pleaded issues, the evidence could not be expected to elicit an objection so the unpleaded matter is not tried by consent.  *Moneyhon v. Moneyhon,* 278 S.W.3d 874, 879 n.6 (Tex.App.--Houston [14th Dist.] 2009, no pet.).  Trial by consent "is intended to cover the exceptional case where it clearly appears from the record as a whole that the parties tried the unpleaded issue.  It is not intended to establish a general rule of practice and should be applied with care, and in no event in a doubtful situation." *Jay Fikes & Associates v. Walton,* 578 S.W.2d 885, 889 (Tex.Civ.App.--Amarillo 1979, writ ref'd n.r.e.).  The court determines whether an issue was tried by consent by examining the record, not for evidence of the issue, but for evidence of trial of the issue.  *Beck v. Walker,* 154 S.W.3d 895, 901 n.3 (Tex.App.--Dallas 2005, no pet.).

Wife did not file a pleading seeking a money judgment against husband.  The only trial reference to wife's personal injury claim and its settlement occurred in the following testimonial exchange between wife and her counsel:

Q.    Tell the court about [wife's motor vehicle accident].

A.    I was hit by a truck from behind.  There was primarily damage to my knee, and I hit my head.

Q.    Did that put you on permanent disability?

A.    It was not debilitating, but I certainly still feel the pain in my knee.

Q.    Okay.  Did you file a lawsuit in that case?

A.    I did.

Q.    And did you settle that lawsuit?

4

A.     Yes, we did.

Q.     Okay.  And the proceeds that you received in that settlement, what happened to it?

A.     I don't think I still have anything left from the lawsuit.

Q.     No, I mean, when you received the money, what did you do with it?

A.     [Husband] had it.  I mean, it was turned over to [husband]; but I--I can't tell you what he did with it.

Q.     So you don't know what happened to it yourself?

A.     No.

Q.     Okay.  Has he ever told you what he did with the funds?

A.     I never questioned him about it.  I don't know what he did.

The primary issue for trial in this case was division of the community estate of husband and wife.  In a divorce decree, the trial court "shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."  Tex. Fam. Code Ann. § 7.001 (West 2006); *see* § 3.003(a) (presumption that all property possessed by either spouse during marriage or on hand at dissolution of marriage is community).  Evidence of property acquired or owned during marriage, such as wife's personal injury settlement, was therefore highly relevant to division of the community estate.  Wife never asked the court for relief by counterclaim, either prior to or during trial, related to recovery of her separate property from husband.  Indeed, during closing argument, while questioning counsel for wife about his fee arrangement, the court commented, "I haven't heard a tort claim in this case."  We conclude the brief mention of wife's personal injury settlement, relevant to division of the marital estate, is no evidence the

5

court tried an unpleaded, and as yet unspecified, theory for recovery of separate property funds from husband.[4] The doctrine of trial by consent has no application here. Accordingly, the trial court did not err by refusing to render a money judgment in favor of wife.

We overrule wife's sole issue and affirm the judgment of the trial court.

James T. Campbell
Justice

---

[4] *Cf. Schleuter v. Schleuter*, 975 S.W.2d 584, 587 (Tex. 1998) (distinguishing recovery of separate property from division of marital estate).